# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

No. 21-7129 | September Term, 2021
FILED ON: JUNE 14, 2022

TIMOTHY SKRYNNIKOV,
> APPELLANT

v.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
> APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cv-00609)

---

Before: TATEL\*, MILLETT and PILLARD, *Circuit Judges*

## J U D G M E N T

We have considered this appeal on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED.**

Timothy Skrynnikov invoked his rights under the federal Family and Medical Leave Act (FMLA), 29 U.S.C. § 2612(a)(1)(D), and a corresponding D.C. law (the DCFMLA), D.C. Code § 32-503(a), to take leave from his job at the Federal National Mortgage Association (Fannie Mae) in 2009. As relevant here, the FMLA guarantees twelve weeks per year of protected leave following a disabling health problem and the DCFMLA concurrently guarantees sixteen weeks per two-year period. 29 U.S.C. § 2612(a)(1)(D); D.C. Code § 32-503(a).

Beginning in July 2009, Skrynnikov took leave for a qualifying health issue. Upon

---

\* Judge Tatel assumed senior status after this case was argued and before the date of this judgment.

1

exhaustion of his twelve weeks of federal FMLA leave at the beginning of October, Skrynnikov opted to continue his leave under the longer leave allowance provided by the DCFMLA. Skrynnikov's DCFMLA leave was set to end on October 29.

In mid-October, Skrynnikov sustained unrelated rib injuries and requested to use accumulated vacation time to briefly delay his return to work, even as he expressed willingness to return as scheduled if no extension were available. During the last two weeks in October, Skrynnikov had several communications with Fannie Mae and its independent leave coordinator regarding this leave extension request and his return to work. The parties disagree on some of the details of those interactions, but it is clear that on October 30, Fannie Mae retroactively extended Skrynnikov's DCFMLA leave through October 29. Also on October 30, however, Fannie Mae sent Skrynnikov a letter notifying him that he was no longer in job-protected status under the medical-leave laws so his position would not be held open for him, but that if he provided medical documentation he could retroactively and temporarily be treated as employed for purposes of salary continuation under Fannie Mae's short-term disability benefit program. Skrynnikov applied for short-term disability benefits. Fannie Mae's independent leave coordinator denied the benefit application as inadequately documented and Fannie Mae terminated Skrynnikov's employment effective November 13, 2009.

Skrynnikov sued Fannie Mae, claiming that it had interfered with his rights under the FMLA and DCFMLA. 29 U.S.C. § 2617(a); D.C. Code § 32-510. He also claimed that his termination amounted to retaliation for acts separately protected by the False Claims Act, 31 U.S.C. § 3730 *et seq*. The district court ordered the dispute into non-binding arbitration as required by Fannie Mae's Dispute Resolution Policy. *Skrynnikov v. Fed. Nat'l Mortg. Ass'n*, 943 F. Supp. 2d 172, 179-80 (D.D.C. 2013). After an adverse arbitral award, Skrynnikov exercised his right to return to court. The district court denied cross-motions for summary judgment on the ground that material issues of fact remained in dispute and set a trial date. *Skrynnikov v. Fed. Nat'l Mortg. Ass'n*, 226 F. Supp. 3d 26, 32-38 (D.D.C. 2017). The case was thereafter reassigned to a new district judge.

Shortly before the date set for trial, Skrynnikov abandoned his retaliation claim and the parties stipulated to waiving their jury rights. The parties agreed that "there are few or no factual issues remaining in dispute" and that "the issues remaining for resolution are largely matters of law," so proposed "to file renewed motions for summary judgment in lieu of trial." Joint Mot. to Withdraw Jury Trial at 1-2, J.A. 35-36. This time, considering only the alleged medical-leave interference, the district court held that no genuine disputes of material fact remained and granted Fannie Mae's motion. *Skrynnikov v. Fed. Nat'l Mortg. Ass'n*, No. 11-cv-609, 2021 WL 4989450, at *3-5 & n.3 (D.D.C. Oct. 27, 2021).

Skrynnikov here appeals only the portion of the district court's decision concerning his DCFMLA challenge. Reviewing de novo, *Waggel v. George Washington Univ.*, 957 F.3d 1364, 1371 (D.C. Cir. 2020), we affirm, albeit on slightly different grounds, *see Process & Indus. Developments Ltd. v. Federal Republic of Nigeria*, 27 F.4th 771, 775 (D.C. Cir. 2022).

The parties agree that the elements of a DCFMLA interference claim are materially the

same as under the federal FMLA. *See Waggel*, 957 F.3d at at 1371 n.1. "To prevail on an FMLA interference claim, a plaintiff must show (1) employer conduct that reasonably tends to interfere with, restrain, or deny the exercise of FMLA rights, and (2) prejudice arising from the interference." *Id.* at 1376. Although we have indicated that a plaintiff bears the burden to demonstrate both elements under the federal FMLA, *see id.*, it is less clear who bears the burden of proving (or disproving) prejudice under the D.C. law. In *Washington Convention Center Authority v. Johnson*, for example, the D.C. Court of Appeals suggested that under the DCFMLA the "burden is on the employer to show that," for reasons unrelated to the leave, "an employee would not have been employed when the time for reinstatement came." 953 A.2d 1064, 1077 (D.C. 2008). We need not resolve the burden-allocation question here, because Skrynnikov's claim fails no matter who bears the burden on the prejudice element.

Skrynnikov's arguments before the district court and on appeal focus on establishing that Fannie Mae interfered with his exercise of his right to medical leave. He contends that Fannie Mae's actions in October 2009 were a deliberate effort to "run out the clock on his protected-leave period" so that it could fire him. Appellant's Br. 21. He points particularly to two actions that he says amounted to unlawful interference: (1) Fannie Mae's request that he provide a fitness-for-duty certification before returning to work from his rib injury in mid-October 2009, and (2) its failure to provide him with notice that his DCFMLA period was set to expire at the end of that month. The district court rejected Skrynnikov's theory as attempting to read specific certification and notice provisions of "federal [FMLA] regulation[s] into District of Columbia [medical-leave] law." *Skrynnikov*, 2021 WL 4989450, at *5.

Because the lack of any evidence that the asserted interference caused prejudice to Skrynnikov defeats his claim in any event, we decline to rule on the novel questions of District of Columbia law regarding whether DCFMLA protections parallel those of the FMLA in the specific ways he contends. *See Waggel*, 957 F.3d at 1377. The prejudice element's requirement that a violation of medical-leave rights be shown to have caused the employee's harm ensures that an "employer is liable only for compensation and benefits lost 'by reason of the violation,' for other monetary losses sustained 'as a direct result of the violation,' and for 'appropriate' equitable relief, including employment, reinstatement, and promotion." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002) (quoting 29 U.S.C. § 2617(a)). That requirement is unmet here.

The undisputed record evidence is that Fannie Mae eliminated Skrynnikov's job as unnecessary. Skrynnikov does not dispute, for instance, that his "primary responsibility" before his leave was to collate certain data into reports and that Fannie Mae was working to automate that process. Pl.'s Resp. to Def.'s Statement of Undisputed Facts at 4, J.A. 1451 (citation omitted). Likewise, he does not deny that as much as 80 to 90 percent of his previous "job functions were permanently eliminated when the automation project was completed" during his leave period, *id.* at 5, J.A. 1452, nor otherwise refute his supervisor's deposition testimony that the "primary driver" behind his termination "was that the work that he had been performing over time was fully automated, and the skill set that [he] had wasn't a skill set . . . that there was a role for on the team . . . on a go-forward basis," Mallon Dep. 618-19, J.A. 1262. Moreover, there is no evidence suggesting that the automation effort itself was somehow initiated in response to Skrynnikov's protected activity. Rather, "the only evidence in the record as to why Fannie Mae terminated

3

[Skrynnikov] shows that it did so for reasons that had nothing to do with his exercise of [leave] rights." *Skrynnikov*, 2021 WL 4989450, at *5.

Skrynnikov simply denies that Fannie Mae's job-elimination evidence is "independently material." Pl.'s Resp. to Def.'s Statement of Undisputed Facts at 4-5, J.A. 1451-52. We disagree. As noted above, Skrynnikov's interference claim depends on two elements: interference and prejudice. Factually undisputed evidence that Fannie Mae no longer needed anyone to perform the tasks that comprised Skrynnikov's job goes directly to whether a reasonable jury could find that his termination amounted to prejudice suffered "by reason of the" alleged interference. *Ragsdale*, 535 U.S. at 89 (citation omitted). And although Skrynnikov is correct that Fannie Mae did not identify this reason in its letter informing him of his termination, Pl.'s Resp. to Def.'s Statement of Undisputed Facts at 41-42, J.A, 1488-89, the record developed below—which contains no evidence from Skrynnikov factually disputing the elimination of his position— substantiates Fannie Mae's identification of automation as a lawful reason for Skrynnikov's termination and deprives a reasonable jury of any basis to hold otherwise. *See Waggel*, 957 F.3d at 1377. As Skrynnikov has identified no other source of prejudice, that suffices to support the district court's judgment.

Finally, we note that the lawful elimination of a plaintiff's position does not bar an FMLA claim if the plaintiff should have been reinstated to a different but "equivalent" position. 29 U.S.C. § 2614(a)(1)(B); D.C. Code § 32-505(d)(2). But "[a]n employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period." 29 C.F.R. § 825.216(a); *see Washington Convention Ctr. Auth.*, 953 A.2d at 1077. And, in any event, because Skrynnikov never argued that Fannie Mae was obligated to assign him to a different, equivalent position, the point is forfeit. *See United States v. Gewin*, 759 F.3d 72, 78 (D.C. Cir. 2014).

For the foregoing reasons, we affirm. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk

4